UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROSIE M. PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-252 PS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This Court remanded Plaintiff Rosie Portis' social security case because the Administrative Law Judge ("ALJ") did not develop the record fully and fairly and did not adequately explain the right to counsel. Plaintiff has now submitted an application for attorney's fees. [DE 32, 41.] Because the Court finds that the government was not substantially justified in denying Plaintiff's benefits on the record before it, the fee petition is granted.

### I.  BACKGROUND

On December 4, 2002, Portis filed claims for Disability Insurance Benefits and Supplemental Security Income Benefits. (R. at 52-54, 160-62.) After her claims were denied initially and upon reconsideration, Portis requested a hearing before an ALJ. (R. at 33.) ALJ William Wilkin held a hearing on September 2, 2004 (R. at 196-240) and issued a decision on November 15, 2004. (R. at 11-13.) The ALJ determined that Portis is not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review

---

[1] The Court notes that Michael J. Astrue became the Commissioner of Social Security on February 12, 2007, and has been automatically substituted as the Defendant in this action.

of that determination, rendering the ALJ's decision final.  (R. 4-6); 20 C.F.R. § 404.981.

On June 24, 2005, Portis filed a complaint seeking judicial review of the ALJ's decision. She argued that the ALJ did not properly inform her of the right to counsel at her disability hearing, as required by *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994).  (Pl.'s Mem. at 7-8. [DE 19].)  Counsel for Defendant conceded as much.  (Def.'s Mem. at 8 ("Defendant agrees that the ALJ did not fully comply with the requirements of *Binion* . . . and that Plaintiff's waiver of counsel was therefore not valid under the requirements set forth by the Seventh Circuit . . . .").) Portis also argued that the ALJ failed to meet his duty to procure medical records that supported Portis' disability claim, despite repeatedly stating at the hearing that he would do so.  (Pl.'s Mem. at 12-16; R. 224, 234, 238-40.)  Specifically, the ALJ's opinion did not factor in records from Dr. Narcisi, who treated Plaintiff's hip, leg, foot, and ankle pain as recently as 2003, from Dr. Kawecki, the chiropractor that Plaintiff visited in 2004, or from Community Hospital, whose emergency room she visited after she fell while performing her newspaper delivery job in 2004.

After reviewing the briefing and the administrative record, this Court remanded Plaintiff's case because the ALJ failed to meet his duty to develop the record fully and fairly. (Order at 11-12.)  Since Plaintiff had proceeded without counsel, the ALJ had the duty to develop the record fully and fairly by "prob[ing] the claimant for possible disabilities and uncover[ing] all the evidence."  *Binion*, 13 F.3d at 245.  Even though the ALJ himself repeatedly stated in the hearing that he needed to obtain additional medical records, he did not acquire Dr. Narcisi's files, and he did not obtain the Community Hospital records because he followed up with the wrong hospital.  Although the Court did not opine upon whether those additional records would have required a different outcome to her claim, it concluded that the absence of

2

the records constituted a significant and prejudicial omission.  (Order at 12.)

On January 29, 2007, Plaintiff filed a fee petition seeking attorneys' fees under the Equal Access to Justice Act (EAJA), which is currently before the Court.  The government requests that the Court deny Plaintiff's petition because its position was "substantially justified," or in the alternative, reduce the amount of fees.  On March 22, 2007, Plaintiff filed an amended motion that reflects the additional fees incurred in preparing and briefing the fees motion.

## II.  DISCUSSION

The EAJA provides that a litigant is entitled to recover attorneys' fees if (1) she was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances exist that would make an award unjust; and (4) she filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  Plaintiff is a prevailing party, and her Petition is timely.  The government contends, however, that its position was "substantially justified."  (*Id.*)

Courts may award attorneys' fees in social security cases if either its pre-litigation conduct or its litigation position were not substantially justified.  28 U.S.C. § 2412(d)(2)(D).  The ALJ's decision constitutes part of the agency's pre-litigation conduct.  *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  We may award fees in cases "where the government's pre-litigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa."  *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).  To satisfy the "substantial justification" standard, a position must have "a reasonable basis in law and fact."  *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006).  In other words, the government must show that its position was grounded in (1) a reasonable basis

3

in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski*, 382 F.3d at 724.  The government has the burden of establishing that its position was substantially justified.  *Id.*

     A.     **"Substantial Justification" Analysis**

Based on the facts of this case, we find that the Commissioner's position – specifically, the ALJ's decision – was not substantially justified.  The ALJ had a duty to "scrupulously and consciously . . . probe into, inquire of, and explore for all the relevant facts. . . ." *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991) (citations omitted).  In this case, the ALJ explicitly recognized the need to develop Plaintiff's medical history more fully, and he told her he would do so.  (R. 224, 234, 238-40.)  Dr. Narcisi's contact information was available in the record (R. 102), yet apparently his records were never requested.  With respect to the emergency room visit, the ALJ specifically stated: "We're also going to make a request, I guess, for the most recent hospitalization, or emergency room visit you had there from your fall." (R. 234.)  Plaintiff responded: "That's Community Hospital." (*Id.*)  Yet the ALJ sought the records from the wrong hospital.  (R. 17.)  The ALJ also stated that he would get Plaintiff's chiropractic records (in his words, "[b]ecause I don't, I don't know what your physical situation is" (R. 234)), but he did not obtain them.

Moreover, the missing records were not outdated files on some collateral ailment, but recent medical files that pertained directly to the health problems (ankle and leg pain) that Plaintiff claimed limited her ability to work.  It is no wonder that the ALJ found that Plaintiff's "complaints of physical pain and limitations were disproportionate to the clinical signs and

4

laboratory findings of record" (R. 17), which led him to believe that she was not "wholly credible." (*Id.*)

The government urges respect for the ALJ's judgment as to how much evidence was necessary. *See Kendrick v. Shalala*, 998 F.2d 455, 457 (7th Cir. 1993) ("How much is enough is a subject on which reasonable persons can differ."). The government reminds us of the Seventh Circuit's guidance that "no record is 'complete' – one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on." *Id.* at 456-57. According to the government, the record as it stood provided the ALJ with a "rational ground for thinking it ha[d] a rational ground for its action." (Def.'s Mem. at 5 (quoting *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)).)

However, this is not a case in which the Court second-guessed the considered judgment of the ALJ by taking a scorched-earth approach to finding medical support for Plaintiff's claim. Rather, in this case, the ALJ *had* a rational plan for establishing a rational ground for his action, but he did not follow that plan. He did not gather all the materials that he said he would need to make the determination, and that he knew were available. These errors were compounded by his failure to obtain a valid waiver of counsel, in that an attorney could have assisted in ensuring that the ALJ had all appropriate records before him. Therefore, the Court concludes that the Agency lacked a "rational ground for thinking it had a rational ground" for its action. *See Koschnitzke v. Barnhart*, 293 F. Supp.2d 943, 952 (E.D. Wis. 2003) ("Where, as here, the ALJ failed to adequately explore the claimant's allegations of pain, pain was a primary component of the claim, and the claimant was unrepresented by counsel, the Commissioner's position cannot be

5

considered substantially justified." (awarding fees)); *Nash v. Shalala*, No. 93-C-5997, 1995 WL 548733, at *1 (N.D. Ill. Sept. 13, 1995) (awarding fees where ALJ failed to develop factual record in the absence of counsel).

### B.     Attorneys' Fees

We now must decide whether the requested attorneys' fees are reasonable by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See INS v. Jean*, 496 U.S. 154, 161 (1990) (indicating that the procedure for determining fee award established in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) is appropriate for EAJA awards). We must exclude those hours that were excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434.

Plaintiff requests compensation for 36.25 hours at the rate of $156.25 for 2005 and 9.75 hours at the rate of $160.62 for 2006. She also requests compensation for 4.5 hours of a paralegal's time at a rate of $93.75 per hour. In total, Plaintiff moved for an award of $7,651.75. The government did not object to either the hourly rates or the number of hours. Thus, we accept Plaintiff's proposed hourly rates and total hours as reasonable.

Plaintiff later amended her fee petition to reflect that counsel spent an additional 6 hours on drafting and defending her fee petition, at a rate of $155.00. The government did not respond to the amended motion. The EAJA entitles a prevailing party to fees incurred in fee litigation. *Jean*, 496 U.S. at 166. The Court finds this fee reasonable. Thus, Plaintiff will be awarded attorney's fees in the amount of $8,581.75.

### III.  CONCLUSION

The Court **GRANTS** Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act [DE 41]. Plaintiff is awarded fees in the amount of $8,581.75 to be made payable

6

to Plaintiff's attorney, Jame S. Goldstein.  A separate judgment to that effect shall be issued.

**SO ORDERED.**

ENTERED: June 1, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

7